This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41070**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**DENNIS CHAD DENNEY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Emilio Chavez, District Court Judge**

Raúl Torrez, Attorney General
Teresa Ryan, Assistant Solicitor General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** The State appeals the district court's determination of the number of valid previous offenses that were used to enhance Defendant Dennis Chad Denney's sentence for aggravated driving while under the influence of intoxicating liquor or drugs (DWI) as a second or subsequent offense, contrary to NMSA 1978, Section 66-8-102 (2016). The State claims that the district court abused its discretion when it demanded the State produce proof of Defendant's previous DWI offenses before conviction and that it denied the State an adequate opportunity to produce that evidence. We affirm.

**BACKGROUND**

**{2}** Defendant was charged with a DWI as an eighth or subsequent offense. Upon Defendant's pretrial motion, the district court compelled the State to prove any previous DWI convictions it would use to enhance Defendant's sentence. The State submitted a list containing Defendant's alleged previous DWI convictions and requested that the district court enter a finding of four valid previous convictions to be used for enhancement. The four previous convictions included one conviction from New Mexico and three convictions from Utah. Defendant filed a notice of intent to plead guilty to the instant DWI charge and requested the district court hold an evidentiary hearing regarding his previous DWI convictions, or alternatively, requested a plea hearing, pending the evidentiary hearing, before he entered his plea.

**{3}** The district court held the requested evidentiary hearing and the State did not attend. The district court found that, as of that time, the State had presented proof of only one previous DWI conviction to be used against Defendant to enhance his sentence. This determination was based on the State's failure to attend the evidentiary hearing and on the district court's review of the documents by then submitted by the State. The State filed a motion to reconsider the order, citing certified documents from Utah that it claimed established Defendant's other three DWI convictions, but its motion was denied. Defendant pleaded guilty to DWI as a second offense misdemeanor conviction and was sentenced to eight days of incarceration and a year of supervised probation. The State appeals.

**DISCUSSION**

**{4}** The district court appears to rely on two bases for its determination that only one previous offense had been proven to exist by the State: first, the district court applied Rule 5-601(C) NMRA regarding the State's failure to prove all but one previous offense at the evidentiary hearing; and second, the State failed to offer proof of the other previous offenses at the sentencing hearing, despite not being barred from doing so. We address both bases below.

**{5}** If we were to conclude that the district court's application of Rule 5-601(C) was erroneous, there is no evidence of that application causing prejudice to the State. Even with the application by the district court, the State was still provided opportunity to present evidence of Defendant's prior offenses. We conclude then that this application by the district court was harmless error, and we affirm the decision of the district court because the State was not prohibited from proving previous offenses at sentencing, yet still failed to do so.

**I.      The State's Failure to Establish Proof at the Sentencing Hearing**

**{6}** The State argues that the district court abused its discretion when it denied the State an adequate opportunity to produce proof of Defendant's previous DWI convictions. We find nothing in the record nor in the State's argument that establishes

that the district court prevented the State from producing proof of Defendant's previous DWI convictions at his sentencing hearing.

**{7}** Following the evidentiary hearing that the State did not attend, the district court issued an order determining the number of previous DWI offenses that may be used for enhancement. The district court did not preclude the State from offering evidence of Defendant's previous convictions, and found that "[a]lthough the [S]tate claimed they could prove the priors at sentencing, the [S]tate did not offer proof of any priors at sentencing." The State nonetheless did not offer evidence of additional prior DWI convictions at the sentencing hearing, but rather reasserted that the district court should accept the proof of Defendant's previous DWI convictions that it had already presented and were determined by the district court to be invalid. We conclude then that the State did have adequate opportunity to prove Defendant's previous DWI convictions that it planned to use for a sentence enhancement.

**CONCLUSION**

**{8}** The State had ample opportunity to produce proof of Defendant's previous DWIs and chose not to do so at the sentencing hearing. Thus, we affirm.

**{9}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**